**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **YONAS BOKREDINGIL,** | ) | |
| | ) | **CASE NO. 1:26-cv-00969** |
| **Plaintiff,** | ) | |
| | ) | |
| ***vs.*** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **UNITED STATES OF AMERICA, *et al.*,** | ) | |
| | ) | **ANSWER AND CROSS-CLAIM OF** |
| | ) | **DEFENDANT DONALD KOPCHAK** |
| **Defendants.** | ) | |
| | ) | **[Trial by Jury Requested]** |
| | ) | |

## ANSWER

Defendant Donald Kopchak ("Kopchak") states as his Answer to the Complaint filed April 24, 2026, by Plaintiff, Yonas Bokredingil ("Bokredingil"), as follows:

Flowers & Grube
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

## NATURE OF THE ACTION

1. The allegations of Paragraph One as to the nature of the claim pled against the United States are legal conclusions for which a response is not required and are otherwise denied.

2. The allegations of Paragraph Two as to the nature of the claim pled against Kopchak are legal conclusions for which a response is not required and are otherwise denied.

3. The allegations of Paragraph Three are denied insofar as they characterize the conduct of Kopchak. The allegations characterizing the separate conduct of Defendant Daniel Lajack ("Lajack") are admitted.

4. The allegations of Paragraph Four are admitted strictly as to the allegations relating to Lajack, that Kopchak was removed from the ATF Task Force, that Kopchak was subjected to a highly publicized criminal prosecution in Medina County, Ohio, and that he was found guilty of the listed offenses. The remaining allegations of Paragraph Four are denied insofar as Kopchak is no longer in State custody, he has been sentenced, the sentence was stayed, and he has been released by the Ninth District Court of Appeals on bond pending the ongoing criminal appellate proceedings in *State v. Kopchak*, 9th Dist. Medina No. 2026CA0048, after the trial court denied the same request.

## THE PARTIES

5. The allegations of Paragraph Five are denied strictly as to Bokredingil's employment history for lack of knowledge or information sufficient to form a belief about their truth, and the remaining allegations of this paragraph are admitted.

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

6. The allegations of Paragraph Six are legal conclusions for which a response is not required and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

7. The allegations of Paragraph Seven are admitted.

8. The allegations of Paragraph Eight are admitted.

## JURISDICTION AND VENUE

9. The allegations of Paragraph Nine are denied to the extent any of Kopchak's conduct is characterized as tortious. The remaining allegations of this paragraph

are legal conclusions for which a response is not required.

10. The allegations of Paragraph Ten are legal conclusions for which a response is not required and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

11. The allegations of Paragraph Eleven are legal conclusions for which a response is not required.

## FACTUAL ALLEGATIONS

12. The allegations of Paragraph Twelve are denied for lack of knowledge or information sufficient to form a belief about their truth.

13. The allegations of Paragraph Thirteen are denied for lack of knowledge or information sufficient to form a belief about their truth.

14. The allegations of Paragraph Fourteen are denied for lack of knowledge or information sufficient to form a belief about their truth.

15. The allegations of Paragraph Fifteen are admitted to the extent that Kopchak has learned and presently knows that Bokredingil is a United States citizen and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

16. The allegations of Paragraph Sixteen are denied for lack of knowledge or information sufficient to form a belief about their truth.

17. The allegations of Paragraph Seventeen are denied for lack of knowledge or information sufficient to form a belief about their truth.

18. The allegations of Paragraph Eighteen are denied for lack of knowledge or information sufficient to form a belief about their truth.

19. The allegations of Paragraph Nineteen are denied for lack of knowledge or information sufficient to form a belief about their truth.

20. The allegations of Paragraph Twenty are denied for lack of knowledge or information sufficient to form a belief about their truth.

21. The allegations of Paragraph Twenty-One are denied for lack of knowledge or information sufficient to form a belief about their truth with respect to the timing of Bokredingil's arrival at the Buzzard's Roost bar on April 26, 2024, and denied as to the allegation that Kopchak was intoxicated that evening. The allegations of this paragraph are otherwise admitted.

22. The allegations of Paragraph Twenty-Two include legal conclusions for which a response is not required and are otherwise admitted.

23. The allegations of Paragraph Twenty-Three are admitted.

24. The allegations of Paragraph Twenty-Four are denied insofar as they characterize the conduct of Kopchak. The allegations characterizing the separate conduct of Lajack are admitted.

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

25. The allegations of Paragraph Twenty-Five are denied insofar as they characterize the conduct of Kopchak. The allegations characterizing the separate conduct of Lajack and Bokredingil are admitted.

26. The allegations of Paragraph Twenty-Six are denied insofar as they characterize the timing and manner in which Kopchak was identified as a law enforcement officer. Kopchak specifically admits that he produced a form of identification provided to him for use as an undercover investigator, but he only did so after Lajack first announced to Bokredingil and patrons in a crowded bar that Kopchak was a federal agent.

27. The allegations of Paragraph Twenty-Seven are denied for lack of knowledge or information sufficient to form a belief about their truth with respect to Bokredingil's subjective beliefs and denied insofar as they characterize the conduct of Kopchak. The allegations characterizing the separate conduct of Lajack and Bokredingil are admitted.

28. The allegations of Paragraph Twenty-Eight are admitted.

29. The allegations of Paragraph Twenty-Nine are admitted strictly to the extent that Kopchak did assist Lajack's declared detention of Bokredingil based upon reasonable suspicion. The allegations are denied insofar as they characterize the manner and timing in which Kopchak aided Lajack's declared detention of Bokredingil. The allegations characterizing the separate conduct of Lajack are admitted.

30. The allegations of Paragraph Thirty include legal conclusions for which a response is not required and are otherwise denied.

31. In response to the allegations of Paragraph Thirty-One, Kopchak admits only that he physically retrained Bokredingil based upon reasonable suspicion in aid of Lajack's declared detention of Bokredingil and that he later learned the bartender at the Buzzard's Roost called the police. Kopchak further admits that he had himself asked his girlfriend to call 911 during the incident. The allegations are denied insofar as they characterize the manner in which Kopchak aided the detention. The allegations are further denied for lack of knowledge or information sufficient to form a belief about their truth as to the subjective concerns and perceptions of the bartender.

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

32. In response to the allegations of Paragraph Thirty-Two, Kopchak admits that Lajack exited the bar earlier in the evening than the Complaint alleges, substantially before he declared that Bokredingil was being detained, and he did so saying he had taken a photograph of Bokredingil and planned to go outside and call Customs and Border Patrol ("CBP") and Homeland Security Investigations ("HSI"). Lajack's statements to Kopchak were false in that regard, but before that was discovered, they formed the basis of Kopchak's reasonable belief that Lajack's declared detention of Bokredingil was lawful and his decision to assist the detention.

33. In response to the allegations of Paragraph Thirty-Three, Kopchak admits only that he aided Lajack's declared detention of Bokredingil based upon reasonable suspicion, including by escorting Bokredingil out of the bar to the parking lot. The allegations are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth as to the perceptions of the bartender.

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

34. In response to the allegations of Paragraph Thirty-Four, Kopchak admits that he had to force Bokredingil to the ground and hold him there only after perceiving a failure to comply with his instructions during Lajack's declared detention of Bokredingil. He further admits that Lajack spoke with law enforcement on the phone, only after Kopchak directed his girlfriend to call 911 for law enforcement, when she handed the phone to Lajack with the authorities on the line. The allegations are denied insofar as they characterize the manner in which Kopchak aided Lajack's declared detention of Bokredingil. Kopchak specifically denies that he made the statements attributed to him in Paragraph Thirty-Three, although he admits that Lajack made similar statements to those alleged.

35. The allegations of Paragraph Thirty-Five are denied insofar as they characterize the manner in which Kopchak aided Lajack's declared detention of Bokredingil as a submission hold and painful. Kopchak further denies that he continued detaining Bokredingil after law enforcement arrived, as the on-duty officers immediately directed Bokredingil to stay on the ground while asking Kopchak to let him go.

36. The allegations of Paragraph Thirty-Six are admitted.

37. The allegations of Paragraph Thirty-Seven are denied insofar as they characterize Kopchak as an aggressor. The allegations characterizing Lajack as an aggressor and describing what responding officers did on arrival are admitted.

38. The allegations of Paragraph Thirty-Eight are admitted.

39. The allegations of Paragraph Thirty-Nine are denied as to what Kopchak's "actions were based entirely on," denied as to any "claims" attributed to Kopchak, denied for lack of knowledge or information sufficient to form a belief about their truth as to specific admissions and acknowledgements attributed to Lajack, and otherwise admitted.

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

40. In response to the allegations of Paragraph Forty, Kopchak admits that, prior to Bokredingil's detention, Lajack provided him the impression, through words and conduct, that there had been an investigation, including through calls to CBP and HSI, which were never actually made. Kopchak further admits he made the statement attributed to him in Paragraph Forty only in reliance on what he had heard from Lajack. The allegations are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth as to specific statements attributed to Lajack.

41. The allegations of Paragraph Forty-One are admitted.

42. In response to the allegations of Paragraph Forty-Two, Kopchak denies making any false statements to law enforcement officers or accusing Bokredingil of initiating a fight. The allegations of Paragraph Forty-Two are otherwise admitted.

43. The allegations of Paragraph Forty-Three are denied insofar as they characterize the admissions of Kopchak, although he admits using limited force in aid of Lajack's declared detention of Bokredingil based upon reasonable suspicion. The allegations characterizing the separate admissions of Lajack are admitted.

44. The allegations of Paragraph Forty-Four are admitted.

45. The allegations of Paragraph Forty-Five are admitted.

46. The allegations of Paragraph Forty-Six are admitted.

47. The allegations of Paragraph Forty-Seven are admitted.

48. The allegations of Paragraph Forty-Eight are admitted.

49. The allegations of Paragraph Forty-Nine are denied for lack of knowledge or information sufficient to form a belief about their truth.

50. The allegations of Paragraph Fifty include legal conclusions for which a response is not required and are otherwise denied.

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

51. The allegations of Paragraph Fifty-One include legal conclusions for which a response is not required, are denied as to the assertion that Kopchak's actions directly and proximately caused injury, and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

52. The allegations of Paragraph Fifty-Two include legal conclusions for which a response is not required, are denied as to the assertion that Kopchak's actions directly and proximately caused injury, and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

53. The allegations of Paragraph Fifty-Three include legal conclusions for which a response is not required, are denied as to the assertion that Kopchak's actions directly and proximately caused injury or were racially motivated, and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

54. The allegations of Paragraph Fifty-Four are denied for lack of knowledge or information sufficient to form a belief about their truth.

55. The allegations of Paragraph Fifty-Five are denied.

56. The allegations of Paragraph Fifty-Six are admitted.

57. The allegations of Paragraph Fifty-Seven are admitted.

58. The allegations of Paragraph Fifty-Eight are admitted as to Lajack's employment with Lake County, Ohio, and otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

59. The allegations of Paragraph Fifty-Nine are admitted.

60. The allegations of Paragraph Sixty include legal conclusions for which a response is not required, they are admitted insofar as they characterize Kopchak as acting as a law enforcement officer, and the allegations characterizing the separate conduct of Lajack are denied for lack of knowledge or information sufficient to form a belief about their truth.

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

61. The allegations of Paragraph Sixty-One are admitted.

62. The allegations of Paragraph Sixty-Two are admitted.

63. The allegations of Paragraph Sixty-Three are admitted. Kopchak further admits that he has now been sentenced, the sentence was stayed, and he has been released by the Ninth District Court of Appeals on bond pending the ongoing criminal

appellate proceedings in *State v. Kopchak*, 9th Dist. Medina No. 2026CA0048, after the trial court denied the same request.

**CLAIM I - ASSAULT**

64. In response to Paragraph Sixty-Four, Defendant Kopchak restates the preceding paragraphs of this pleading.

65. In response to the allegations of Paragraph Sixty-Five, Kopchak admits that he was operating within the scope of his employment as a federal law enforcement officer with the ATF and other agencies when he relied on Lajack's statements and assisted Lajack's declared detention of Bokredingil. The remaining allegations in this paragraph are legal conclusions for which a response is not required and are otherwise denied.

66. The allegations of Paragraph Sixty-Six are denied insofar as they characterize the intentions and conduct of Kopchak and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

67. The allegations of Paragraph Sixty-Seven are denied insofar as they characterize the conduct of Kopchak and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

68. The allegations of Paragraph Sixty-Eight are denied for lack of knowledge or information sufficient to form a belief about their truth.

69. The allegations of Paragraph Sixty-Nine include legal conclusions for which a response is not required and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

70. The allegations of Paragraph Seventy include legal conclusions for which a response is not required and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

71. The allegations of Paragraph Seventy-One include legal conclusions for which a response is not required, are denied insofar as they characterize the conduct of Kopchak, and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

**CLAIM II - BATTERY**

72. In response to Paragraph Seventy-Two, Defendant Kopchak restates the preceding paragraphs of this pleading.

73. In response to the allegations of Paragraph Seventy-Three, Kopchak admits that he was operating within the scope of his employment as a federal law enforcement officer with the ATF and other agencies when he relied on Lajack's statements and assisted Lajack's declared detention of Bokredingil. The remaining allegations in this paragraph are legal conclusions for which a response is not required and are otherwise denied.

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

74. The allegations of Paragraph Seventy-Four are denied insofar as they characterize the conduct of Kopchak and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

75. In response to the allegations of Paragraph Seventy-Five, Kopchak admits holding Bokredingil's arm behind his back while he assisted Lajack's declared detention of Bokredingil based upon reasonable suspicion. Kopchak denies all other characterizations of his conduct in Paragraph Seventy-Five and otherwise denies

the allegations of this paragraph for lack of knowledge or information sufficient to form a belief about their truth.

76. The allegations of Paragraph Seventy-Six are denied for lack of knowledge or information sufficient to form a belief about their truth.

77. The allegations of Paragraph Seventy-Seven include legal conclusions for which a response is not required and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

78. The allegations of Paragraph Seventy-Eight include legal conclusions for which a response is not required and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

79. The allegations of Paragraph Seventy-Nine include legal conclusions for which a response is not required, are denied insofar as they characterize the conduct of Kopchak, and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

**CLAIM III – FALSE IMPRISONMENT**

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

80. In response to Paragraph Eighty, Defendant Kopchak restates the preceding paragraphs of this pleading.

81. In response to the allegations of Paragraph Eighty-One, Kopchak admits that he was operating within the scope of his employment as a federal law enforcement officer with the ATF and other agencies when he relied on Lajack's statements and assisted Lajack's declared detention of Bokredingil based upon reasonable suspicion. The remaining allegations in this paragraph are legal conclusions for which a response is not required and are otherwise denied.

82. In response to the allegations of Paragraph Eighty-Two, Kopchak admits he assisted Lajack's declared detention of Bokredingil based upon reasonable suspicion. The remaining allegations in this paragraph are legal conclusions for which a response is not required and are otherwise denied.

83. The allegations of Paragraph Eighty-Three are admitted.

84. The allegations of Paragraph Eighty-Four are denied as to Kopchak, who asserts a privilege regarding his conduct, and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

85. The allegations of Paragraph Eighty-Five include legal conclusions for which a response is not required and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

86. The allegations of Paragraph Eighty-Six include legal conclusions for which a response is not required and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

87. The allegations of Paragraph Eighty-Seven include legal conclusions for which a response is not required, are denied insofar as they characterize the conduct of Kopchak, and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

**CLAIM IV – FALSE ARREST**

88. In response to Paragraph Eighty-Eight, Defendant Kopchak restates the preceding paragraphs of this pleading.

89. In response to the allegations of Paragraph Eighty-Nine, Kopchak admits that he was operating within the scope of his employment as a federal law enforcement officer with the ATF and other agencies when he relied on Lajack's statements and

assisted Lajack's declared detention of Bokredingil. The remaining allegations in this paragraph are legal conclusions for which a response is not required and are otherwise denied.

90. In response to the allegations of Paragraph Ninety, Kopchak admits that he was operating within the scope of his employment as a federal law enforcement officer with the ATF and other agencies when he relied on Lajack's statements and assisted Lajack's declared detention of Bokredingil. The remaining allegations in this paragraph are legal conclusions for which a response is not required and are otherwise denied.

91. The allegations of Paragraph Ninety-One are denied insofar as they characterize the intentions and subjective understanding of Kopchak and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

92. The allegations of Paragraph Ninety-Two include legal conclusions for which a response is not required and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

93. The allegations of Paragraph Ninety-Three include legal conclusions for which a response is not required and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

94. The allegations of Paragraph Ninety-Four include legal conclusions for which a response is not required, are denied insofar as they characterize the conduct of Kopchak, and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

**CLAIM V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

95. In response to Paragraph Ninety-Five, Defendant Kopchak restates the preceding paragraphs of this pleading.

96. In response to the allegations of Paragraph Ninety-Six, Kopchak admits that he was operating within the scope of his employment as a federal law enforcement officer with the ATF and other agencies when he relied on Lajack's statements and assisted Lajack's declared detention of Bokredingil. The remaining allegations in this paragraph are legal conclusions for which a response is not required and are otherwise denied.

97. The allegations of Paragraph Ninety-Seven are denied insofar as they characterize the conduct of Kopchak and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

98. The allegations of Paragraph Ninety-Eight are denied for lack of knowledge or information sufficient to form a belief about their truth.

99. The allegations of Paragraph Ninety-Nine are denied for lack of knowledge or information sufficient to form a belief about their truth.

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

100. The allegations of Paragraph One Hundred include legal conclusions for which a response is not required and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

101. The allegations of Paragraph One Hundred One include legal conclusions for which a response is not required and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

102. The allegations of Paragraph One Hundred Two include legal conclusions for which a response is not required, are denied insofar as they characterize the

conduct of Kopchak, and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

**CLAIM VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

103. In response to Paragraph One Hundred Three, Defendant Kopchak restates the preceding paragraphs of this pleading.

104. In response to the allegations of Paragraph One Hundred Four, Kopchak admits that he was operating within the scope of his employment as a federal law enforcement officer with the ATF and other agencies when he relied on Lajack's statements and assisted Lajack's declared detention of Bokredingil. The remaining allegations in this paragraph are legal conclusions for which a response is not required and are otherwise denied.

105. The allegations of Paragraph One Hundred Five include legal conclusions for which a response is not required and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

106. The allegations of Paragraph One Hundred Six are denied.

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

107. The allegations of Paragraph One Hundred Seven include legal conclusions for which a response is not required and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

108. The allegations of Paragraph One Hundred Eight include legal conclusions for which a response is not required and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

109. The allegations of Paragraph One Hundred Nine include legal conclusions for which a response is not required and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

110. The allegations of Paragraph One Hundred Ten include legal conclusions for which a response is not required, are denied insofar as they characterize the conduct of Kopchak, and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

**CLAIM VII – NEGLIGENCE**

111. In response to Paragraph One Hundred Eleven, Defendant Kopchak restates the preceding paragraphs of this pleading.

112. In response to the allegations of Paragraph One Hundred Twelve, Kopchak admits that he was operating within the scope of his employment as a federal law enforcement officer with the ATF and other agencies when he relied on Lajack's statements and assisted Lajack's declared detention of Bokredingil. The remaining allegations in this paragraph are legal conclusions for which a response is not required and are otherwise denied.

113. The allegations of Paragraph One Hundred Thirteen include legal conclusions for which a response is not required and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

114. The allegations of Paragraph One Hundred Fourteen include legal conclusions for which a response is not required, are denied insofar as they characterize the conduct of Kopchak, and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

115. The allegations of Paragraph One Hundred Fifteen include legal conclusions for which a response is not required and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

116. The allegations of Paragraph One Hundred Sixteen include legal conclusions for which a response is not required and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

117. The allegations of Paragraph One Hundred Seventeen are denied for lack of knowledge or information sufficient to form a belief about their truth.

118. The allegations of Paragraph One Hundred Eighteen are denied.

119. The allegations of Paragraph One Hundred Nineteen include legal conclusions for which a response is not required and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

120. The allegations of Paragraph One Hundred Twenty include legal conclusions for which a response is not required, are denied insofar as they characterize the conduct of Kopchak, and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

**CLAIM VIII – 42 U.S.C. § 1983, UNREASONABLE SEARCH AND SEIZURE**

121. In response to Paragraph One Hundred Twenty-One, Defendant Kopchak restates the preceding paragraphs of this pleading.

Flowers & Grube
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

122. The allegations of Paragraph One Hundred Twenty-Two include legal conclusions for which a response is not required, are denied insofar as they characterize the conduct of Kopchak, and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

123. The allegations of Paragraph One Hundred Twenty-Three include legal conclusions for which a response is not required and are denied insofar as they characterize the conduct of Kopchak. Kopchak admits only that he engaged in a limited detention and pat down of Bokredingil based upon reasonable suspicion

derived from his reliance on Lajack's statements, rendering any search and seizure objectively reasonable under the Fourth Amendment to the United States Constitution.

124. In response to the allegations of Paragraph One Hundred Twenty-Four, Kopchak admits that he was operating within the scope of his employment as a commissioned State of Ohio peace officer when he relied on Lajack's statements and assisted Lajack's declared detention of Bokredingil based upon reasonable suspicion. The remaining allegations in this paragraph are legal conclusions for which a response is not required and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

**CLAIM IX – 42 U.S.C. § 1983, CRUEL AND UNUSUAL PUNISHMENT**

125. In response to Paragraph One Hundred Twenty-Five, Defendant Kopchak restates the preceding paragraphs of this pleading.

126. The allegations of Paragraph One Hundred Twenty-Six include legal conclusions for which a response is not required, are denied insofar as they characterize the conduct of Kopchak, and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

127. The allegations of Paragraph One Hundred Twenty-Seven include legal conclusions for which a response is not required, are denied insofar as they characterize the conduct of Kopchak, and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

128. In response to the allegations of Paragraph One Hundred Twenty-Eight, Kopchak admits that he was operating within the scope of his employment as a commissioned State of Ohio peace officer when he relied on Lajack's statements

and assisted Lajack's declared detention of Bokredingil based upon reasonable suspicion. The remaining allegations in this paragraph are legal conclusions for which a response is not required and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

## CLAIM X – 42 U.S.C. § 1983, VIOLATION OF DUE PROCESS AND EQUAL TREATMENT

129. In response to Paragraph One Hundred Twenty-Nine, Defendant Kopchak restates the preceding paragraphs of this pleading.

130. The allegations of Paragraph One Hundred Thirty include legal conclusions for which a response is not required, are denied insofar as they characterize the conduct of Kopchak, and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

131. The allegations of Paragraph One Hundred Thirty-One include legal conclusions for which a response is not required, are denied insofar as they characterize the conduct of Kopchak, and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

132. In response to the allegations of Paragraph One Hundred Thirty-Two, Kopchak admits that he was operating within the scope of his employment as a commissioned State of Ohio peace officer when he relied on Lajack's statements and assisted Lajack's declared detention of Bokredingil based upon reasonable suspicion. The remaining allegations in this paragraph are legal conclusions for which a response is not required and are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

## FIRST AFFIRMATIVE DEFENSE

1. The Court lacks federal subject matter jurisdiction over Plaintiff Bokredingil's Complaint and claims.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff Bokredingil's Complaint fails to state a potentially valid claim for relief.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff Bokredingil's Complaint is barred by the doctrine of res judicata.

## FOURTH AFFIRMATIVE DEFENSE

4. Because some or all factual allegations pled in Plaintiff Bokredingil's Complaint are properly the subject of criminal proceedings against Defendant Kopchak, which are ongoing in state court, and in which Bokredingil was entitled to seek restitution for any economic losses, this Court should abstain from proceeding over this action by staying it under *Younger v. Harris*, 401 U.S. 37 (1971), and related decisions. This matter should proceed only after the criminal proceedings against Kopchak have reached a final conclusion.

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

## FIFTH AFFIRMATIVE DEFENSE

5. Defendant Kopchak possessed a privilege to use force and detain Bokredingil under the circumstances, including his reasonable reliance upon Lajack's statements and conduct, pursuant to his commission as a State of Ohio peace officer and authority as a deputized federal law enforcement officer through the ATF.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred by the doctrine of qualified immunity.

## SEVENTH AFFIRMATIVE DEFENSE

7. Defendant Kopchak denies each and every allegation and averment set forth in Plaintiff Bokredingil's Complaint not specifically admitted herein.

## EIGHTH AFFIRMATIVE DEFENSE

8. Defendant Kopchak reserves the right to raise additional affirmative defenses as investigation of this matter continues.

## CROSS-CLAIM AGAINST DANIEL LAJACK

Defendant Donald Kopchak further states as his cross-claim for common-law fraud against Defendant Daniel Lajack as follows:

## COUNT I - FRAUD

1. On the evening of April 26, 2024, as Kopchak and Lajack were present at the Buzzard's Roost along with Bokredingil, Lajack made several false factual statements to Kopchak after making initial contact with Bokredingil. In particular:

   a. Lajack told Kopchak that "something's not right with" Bokredingil.

   b. Lajack told Kopchak that Bokredingil's "story" was "not making sense," such that Lajack did not "have a good feeling" about the situation.

   c. Lajack told Kopchak that Bokredingil was "not from here" and "was from Israel."

   d. Lajack told Kopchak that he "took a photo of Yonas and was going to go outside and call" federal authorities, including specifically "CBP" and "HSI."

2. At the time of these statements, Kopchak was aware that task force officers like himself and Lajack had access to the regional Fusion Center, which provided them the ability to send a photograph of a person of interest, like Bokredingil, for identification purposes. This service is available 24 hours a day, seven days a week.

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

3. Lajack then asked Kopchak to sit with Bokredingil, which he did believing that he owed a duty as a police officer to assist Lajack's unexpected investigation.

4. Specifically, Kopchak believed he risked committing the state-law offense of dereliction of duty if he did not assist Lajack's declared detention, something he was trained to avoid whether he was on duty or off duty.

5. After these interactions, Lajack left Kopchak in the bar and stepped outside for the purpose of making the call he described.

6. Kopchak initiated contact with Bokredingil in reliance on the foregoing false statements made by Lajack.

7. During Kopchak's conversation with Bokredingil, Lajack abruptly re-entered the Buzzard's roost with a cell-phone in his hand with a lit screen, appearing to Kopchak as if he was on an active telephone call.

8. Lajack falsely declared toward Bokredingil for all to hear: "I know your story's full of shit. I know you're here illegally and you're not free to leave."

9. Simultaneously, Lajack identified himself and Kopchak as federal agents and showed his own badge issued by the federal Drug Enforcement Agency ("DEA").

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

10. At that time, Kopchak had been operating undercover since 2018, utilizing a fake name, fake identification, and even a fake social security number, all issued to him by the federal government through the ATF.

11. Starting in 2020, Kopchak was not even permitted to identify himself as police officer, wear a uniform, or take orders from commanding officers while he was in public.

12. To Kopchak, Lajack's statements and related conduct conveyed that there was a serious and emergent justification for Lajack's detention of Bokredingil, and

therefore a legal duty to assist that detention, which he could only have thought had been conveyed by the federal agencies Lajack earlier claimed he was calling, CBP and HSI.

13. During Kopchak's entire career, spanning two decades, he had never experienced another officer lying to him when communicating the basis for and/or need to detain a citizen.

14. Further, the decision to reveal Kopchak's secret identity as a law enforcement officer, curated for the better part of a decade at great cost to the state and federal governments, was an extreme act indicating a serious and immediate need to detain Bokredingil for the reasons Lajack acted as if he had discovered during the phone call Kopchak believed Lajack had made to CBP and/or HSI.

15. After these statements, Kopchak reasonably decided to identify himself as law enforcement and assist Lajack's efforts by further telling Bokredingil he was not free to leave.

16. Kopchak reasonably relied on Lajack's statements and conduct under the circumstances, which led him to believe an investigation had been conducted and that the decision to detain Bokredingil had been based upon legally adequate suspicion justifying a detention.

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

17. As Kopchak testified succinctly at his criminal trial:

> "No reasonable officer would tell another policeman that he's going to go out and do something to that nature and then lie about it. That's not a reasonable thing to do, especially someone that has as much experience as him."

18. Shortly after ordering Bokredingil that he was not free to leave, Lajack disappeared back outside with his phone.

19. Kopchak remained in the Buzzard's Roost with Bokredingil, where he directed the bartender to cash out Bokredingil's tab and continued speaking with Bokredingil.

20. Lajack returned inside to demand Bokredingil's identification card, resulting in a short physical struggle between those two men.

21. Lajack acquired a photograph of Bokredingil's identification card and returned outside.

22. Bokredingil began pacing inside the bar and grew visibly upset.

23. Kopchak tried to calm Bokredingil while confirming for him that he was not free to leave.

24. Bokredingil began to adjust his waistband, leading Kopchak to grow concerned he might have a weapon on him.

25. Kopchak patted Bokredingil down for a weapon, which frustrated Bokredingil even further.

26. When Bokredingil began to move toward the exit door, Kopchak physically restrained him in an arm bar maneuver.

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

27. By this time, Lajack had been outside too long, and Kopchak questioned why on-duty law enforcement officers had not yet appeared.

28. Kopchak asked his girlfriend, who was also present, to call 911.

29. As Kopchak's girlfriend dialed 911, Lajack re-entered the bar, and she handed him the phone to speak with the emergency services.

30. After speaking with 911, Lajack told Kopchak that they had been instructed to take Bokredingil outside to wait for police.

31. Exiting the bar, Kopchak asked Bokredingil to wait for the police in a chair located outside, but he failed to obey that command.

32. As a result of Bokredingil's failure to comply with that lawful request, and in further reliance on the statements made by Lajack earlier, Kopchak took Bokredingil to the ground and restrained him in a leg hold until the police arrived.

33. When the police arrived, Lajack again identified himself and Kopchak as law enforcement officers.

34. Just as Kopchak had relied on Lajack's statements earlier, so did the responding officers, who permitted Kopchak to get up while directing Bokredingil to remain on the ground for a short time.

35. Thereafter, Kopchak reported the incident two ways, first by calling his immediate supervisor that same night, and then later, formally reporting these events as a valid exercise of police force up through his chain of command using an off-duty use of force report provided by the City of Cleveland Division of Police.

36. Only after that night, as he learned more information, did Kopchak realize that Lajack had made false statements. Specifically:

   a. Lajack did not have any reason to suspect Bokredingil of a crime with respect to his immigration status or in any other regard.

   b. Lajack did not speak with anyone from CBP or HSI about Bokredingil or at all.

   c. Lajack had instead called his DEA supervisor several times, who told him to leave Bokredingil alone on each phone call.

   d. Lajack did not ever submit Bokredingil's photograph or the photograph of his driver's license for identification against any law enforcement database as he had suggested he would.

   e. Lajack did not have any reason to detain Bokredingil and therefore lied

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

when he said Bokredingil was not free to leave.

37. Given his knowledge of his own efforts and his absolute lack of information justifying Bokredingil's detention, Lajack's false statements were made with knowledge of their falsity or gross recklessness as to their falseness.

38. In light of the foregoing events, and without any information permitting him to discover the falseness of these factual representations, Kopchak justifiably relied on the false statements made by Lajack, a very experienced fellow police officer, when deciding to assist in the detention of Bokredingil.

39. Lajack's false statements were material with respect to Kopchak's decision and legal duty to assist with Lajack's detention of Bokredingil—when made by and between law enforcement officers, these sorts of statements are generally relied upon by other law enforcement officers in making similar decisions.

40. Given that Lajack was directed by his superior at the DEA to cease his investigation of Bokredingil, it is reasonable to infer from Lajack's persistence following that conversation that his false statements were made with the specific intent to mislead Kopchak into assisting with the detention of Bokredingil.

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

41. As a direct and proximate result of his reliance on Lajack's fraudulent statements, Kopchak has been greatly injured, both financially and physically. Specifically:

    a. Kopchak has lost his position of employment with the City of Cleveland Division of Police and as an ATF Task Force Officer, resulting in lost wages and benefits.

    b. Kopchak has suffered significant reputational harm due to his prosecution, conviction, and temporary incarceration as a co-defendant of Lajack's in a heavily reported, publicly known criminal case.

c. Kopchak will likely never work in law enforcement again, whether or not he is vindicated in these proceedings and the state-court proceedings that remain ongoing.

d. With his cover blown, Kopchak is at significantly higher risk of future retaliation and injury from the criminal organizations he used to infiltrate and investigate.

42. Lajack's foregoing conduct was committed maliciously, in bad faith, wantonly, and/or recklessly, in a manner justifying punitive damages under Ohio law.

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

## PRAYER

**WHEREFORE**, Defendant Kopchak requests judgment as follows:

1. In his favor as to the claims against him in Plaintiff Bokredingil's Complaint and with prejudice;
2. An award of economic and non-economic compensatory damages in excess of $25,000.00 against Lajack under Ohio law;
3. An award of punitive damages against Lajack under Ohio law; and
4. Reasonable attorney fees and litigation expenses as authorized by Ohio law, pre-judgment and post-judgment interest, court costs, and any other legal, equitable or declaratory relief against Lajack that is deemed just and appropriate.

Trial by jury is requested upon all claims.

Respectfully submitted,

*/s/ W. Craig Bashein*
W. Craig Bashein, Esq. (#0034591)
**BASHEIN & BASHEIN CO., L.P.A.**
50 Public Square, 35th Floor
Cleveland, Ohio 44113
(216) 771-3239
cbashein@basheinlaw.com

*/s/ Louis E. Grube*
Louis E. Grube, Esq. (#0091337)
**FLOWERS & GRUBE**
Terminal Tower, 40th Floor
50 Public Square
Cleveland, Ohio 44113
(216) 344-9393
leg@pwfco.com

*Counsel for Defendant,*
*Donald Kopchak*

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax

## CERTIFICATE OF SERVICE

I certify that the foregoing **Answer and Cross-Claim** was filed electronically on August 11, 2026. Notice of this filing will be sent to all parties by operation of the court's electronic filing system.

*/s/ Louis E. Grube*
Louis E. Grube, Esq. (#0091337)
**FLOWERS & GRUBE**

*Counsel for Defendant,*
*Donald Kopchak*

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
(216) 344-9395 Fax