STATE OF OHIO )
) SS:
MEDINA COUNTY )

MEDINA COUNTY COMMON PLEAS COURT

- - -

STATE OF OHIO )

Plaintiff, )

vs. ) CASE NO. 2025CR-0520
APPEAL NO. 2026CA0048-M
DONALD J. KOPCHAK ) Judge Joyce V. Kimbler

Defendant. )

- - -

TRANSCRIPT OF PROCEEDINGS
VOLUME VI
JUNE 15, 2026

- - -

APPEARANCES:

S. FORREST THOMPSON, MEDINA COUNTY PROSECUTOR

By: SCOTT SALISBURY, Assistant County Prosecutor

And

By: MICHAEL McNAMARA, Assistant County Prosecutor

On Behalf of the State of Ohio.

KEVIN SPELLACY, Attorney at Law
ERIN HANSON, Attorney at Law

And

FLOWERS & GRUBE,

By: Louis E. Grube,
On Behalf of the Defendant.

\- - -

BE IT REMEMBERED, that on Monday, the 15th day of June, 2026, before the Honorable Joyce V. Kimbler, the following proceedings were had.

\- - -

SENTENCING

- - -

THE COURT: We are here on the matter of State of Ohio versus Donald Kopchak, Case Number 25 CR 0520.

Mr. Kopchak is present in court with his counsel, Attorney Spellacy. We're here today to impose sentence pursuant to a jury verdict, which was adopted by the Court, of guilty of two counts of abduction, each felonies of the third degree, one count of ethnic intimidation, a felony of the fifth degree, and one count of assault, a misdemeanor of the first degree.

Present on behalf of the State of Ohio is --

MR. McNAMARA: Mr. Salisbury, Judge.

MR. SALISBURY: Both, Judge.

THE COURT: All right. Attorney McNamara and Attorney Salisbury.

Mr. Salisbury, are you speaking on behalf of the State?

MR. SALISBURY: Yes, your Honor.

THE COURT: Do you have any recommendations?

MR. SALISBURY: Yes, your Honor.

You heard the trial, so there's no need to belabor the facts. As I said in the -- Mr. Lajack's sentencing, this is a crime that kind of divided the community, very impactful we believe. We believe the Jury got it right and, quite frankly, as the Court shall recall, didn't take a very long time to deliberate even.

The impact on the victim was great, and although that impact was so great, he still to this day is saying he doesn't want anything -- see anything bad happen to these two guys, which is kind of amazing to me considering what he was put through that day, both physically and mentally now as you heard his testimony.

The Defendant, in my mind, has still not taken responsibility, although he does say he does -- never denied doing anything, I don't believe that's true. You'll recall his testimony. I don't believe he did admit to all the physical aspects that he did to the victim, but -- you know, I'm not saying he sat there and denied doing anything. He didn't.

And again, he thought he was justified in doing so. That belief was clearly wrong, and it was clearly found by the citizens of Medina County not to be tolerated.

Judge, this was a clear case of ethnic intimidation. We believe a prison sentence is appropriate, and we would leave that length of which in the Court's discretion.

THE COURT: Thank you.

Mr. Spellacy.

MR. SPELLACY: Thank you, Judge. Also with me is Louis Grube, your Honor, and Ms. Hanson is also sitting back there.

Judge, obviously I filed a sentencing memorandum with you on June 9th. I believe -- I'm confident the Court got it, read it. There's some great letters attached. I think they describe Don very accurately and very well.

You know, this is a tragic situation obviously for everybody. And I would disagree with Mr. Salisbury that my client has -- he testified to what he did. We -- you know, we can go over the spilt milk, so to speak, but there wasn't a justification instruction, there

wasn't an expert report that was admitted, but that's for a different day, Judge, so -- but I think that could have changed the outcome substantially.

Judge, I can just say that -- this. That in the brief, you know, he's a father -- he's a good father. He was a coach, he was a good coach. He was a police officer, he was a good police officer. And I think a lot of these people behind me would support those contentions, Judge.

He's been in jail 82 days. They have not been an easy 82.

I think the presentence report indicates his likelihood of recidivism is at a score of one, so I don't think that we need to protect the public from him, and I think the odds of him -- this happening again are extremely unlikely.

Judge, I think all those things speak to a community control sanction, and that's what we're asking you to do here.

Thank you.

THE COURT: Thank you.

Mr. Kopchak, what would you like to say on

your own behalf?

MR. KOPCHAK: Your Honor, I just wanted to go off exactly what my lawyer just said, that I never denied anything. I took the stand and I was as honest -- and that's what I was told to be. I was told to be honest by my lawyers and my union, and that's what I did, I sat there and I was honest. And never in my life did I ever think that I would be here sitting in front of a judge like this. And that's not the type of person that I am, and those letters and everything that are put in front show that -- what I've done in my life and what I've continued -- will continue to do when I'm out.

And on behalf of my lawyers and everything, I know I was advised to keep this as to basically that.

THE COURT: Well, Mr. Kopchak, I have read the sentencing memorandum, I have read all the letters in support. The thing that the letters in support don't discuss is the effect of your behavior on the victim in this matter, and so my focus is not on whether you're a good person - I'm sure

you're a fine person - but on your behavior and the impact that that had on the victim.

And so after consideration of all the relevant factors set forth in the statute and also the information contained in the presentence investigation report, it is the sentence of this Court that on Count One, a felony of the third degree, you will have 18 months in prison; on Count Two, also a felony of the third degree, you'll have 18 months in prison; on Count Three, a felony of the fifth degree, you will have ten months in prison; and on the misdemeanor of the first degree, you will have 120 days in jail. Your time will run concurrently and not consecutively.

Upon your release from prison on Counts One and Two, you will have a mandatory period of post-release control of between one to three years at the discretion of the adult parole authority. When this period of post-release control is imposed, if you violate the terms of that supervision, the adult parole authority is authorized to return you to prison for up to nine months for any single violation, up to a maximum of 50 percent of your prison term for

all violations. If while on post-release control you are convicted of a new felony offense, in addition to being punished for the new offense, the Judge could add an additional consecutive prison term of one year or whatever time remains on your post-release control term, whichever is greater.

As you will be incarcerated, all fines and costs will be waived.

Also, on Count Three, the felony of the fifth degree, you may be subject to a period of two years possible discretionary post-release control.

I also need to notify you of your appellate rights.

You have the right to appeal the conviction or sentence in this case. You do that by filing a notice of appeal with the Clerk of Courts for the Court of Common Pleas within 30 days of this sentence. If you're unable to pay the cost of an appeal, you have the right to appeal without payment of those costs. If you're unable to obtain counsel for an appeal, counsel will be appointed without cost. If you're unable to pay the costs of documents

necessary to appeal, the documents will be provided without cost. Do you -- you have a right to a notice of appeal timely filed on your behalf.

Do you wish to appeal?

MR. KOPCHAK: Yes.

THE COURT: Okay. Can you afford counsel to represent you?

MR. KOPCHAK: Yes.

THE COURT: Then you do not need the Court to appoint counsel for you, correct?

MR. KOPCHAK: No, ma'am.

THE COURT: All right. At this time then you are to remain in the custody of the Medina County Sheriff's Department for transportation into the custody of the Ohio Department of Rehabilitation and Corrections.

Anything else, Mr. Spellacy?

MR. SPELLACY: Thank you, Judge.

Judge, just for the record, Count One and Two would merge?

THE COURT: I --

MR. SPELLACY: I know it's a concurrent sentence, but I believe they would.

MR. SALISBURY: I don't want to concede to that point, Judge. I don't think they do merge. I think they're separate animus. I think he removed the victim and also restrained him at two separate times, so I don't want to concede that they merge.

THE COURT: Mr. Spellacy, I have not been briefed on that issue, so at this point in time I do not believe that they merge, but that perhaps is an issue for appeal.

MR. SPELLACY: Okay.

And, Judge, can Mr. Grube address you as to appellate bond?

THE COURT: Certainly.

MR. SPELLACY: Thank you.

MR. GRUBE: Good morning, your Honor. Louis Grube. Always great to come down to Medina County. I'm going to make an oral motion for a stay of the sentence on behalf of Mr. Kopchak. There are a couple matters with respect to that.

For a stay motion, there are basically two considerations. The first is the same kind of bond considerations the Court would normally consider when releasing somebody pending a

trial. I'm going to defer to the Court on those.

There's already been a personal recognizance bond. If this is granted, that would be appropriate. I have no reason to believe that there's anything that's changed. Simply because Mr. Kopchak has been convicted, he's the same person before you, same family, same considerations. He's not a flight risk.

As to whether or not a stay should be granted, the general standard applied by the Court of Appeals across the State of Ohio is whether there is a reasonable argument for appeal. The Court referenced numerous times in the transcript, which I've now read the last couple days, that there could be an appeal, likely would be an appeal. There were a couple of issues.

I'm happy to address the specific issues pending appeal, if the Court would like to get into that, but I think given all that has happened, it's probably safe to say the Court understands the issues from the trial and we would just say that there are reasonable grounds for appeal.

Coming out of today, if the Court could issue a ruling on this in writing in the sentencing entry, that could avoid a written motion, but I'm also happy to brief it in writing for the Court. It's up to the Court. Please let me know what the Court would prefer from me going forward from here, but that's the motion.

And thank you for your time this morning for that.

THE COURT: Thank you.

Your oral motion is denied. Your client has filed motions with this Court in which he has indicated that he would prefer to be in prison rather than remain in the Medina County Jail, and so I am going to grant him his wish and let him go to prison at this time.

MR. GRUBE: May I be heard on that, your Honor?

THE COURT: No.

MR. GRUBE: Okay. Thank you.

THE COURT: Thank you.

Anything else on behalf of the Defendant?

MR. SPELLACY: No thanks.

THE COURT: Anything else on

behalf of the State of Ohio?

MR. SALISBURY: No, your Honor.

THE COURT: Okay. Thank you. We are in recess.

(Proceedings concluded.)

- - -

STATE OF OHIO )
) ss:
COUNTY OF MEDINA. )

CERTIFICATE

I, Makenzie J. Sabo, Assistant Official Court Reporter and Notary Public within and for the State of Ohio, hereby certify that the above and foregoing is a true and correct transcription of my stenographic notes as taken by me on the 15th day of June, 2026.

I further certify that this is a full and complete transcription of the above-entitled cause.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my seal of office at Medina, Ohio this 24th day of June, 2026.

_________________________________
Makenzie J. Sabo, RPR
Assistant Official Reporter
and Notary Public within and for
the State of Ohio.
My commission expires 09/19/28.